United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EIT HOLDINGS LLC, a Delaware company,<br><br>Plaintiff,<br><br>v.<br><br>YELP!, INC., a Delaware corporation, *et al*.,<br><br>Defendants.<br>_____/ | No. C 10-05623 WHA<br><br>**ORDER DISMISSING ALL DEFENDANTS EXCEPT YELP!, INC. FOR MISJOINDER UNDER FRCP 21** |

Plaintiff EIT Holdings LLC named nine defendants in this patent-infringement action, accusing each defendant of infringing the same two patent claims. Following the voluntary dismissal of Memory Lane, Inc., eight defendants remain. They are unrelated companies that operate unrelated websites. Significantly, they are not alleged to have acted in concert to infringe plaintiff's asserted patent. They share no common transaction or occurrence.

As set forth in FRCP 20(a)(2), multiple defendants may be joined together in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." In situations of misjoinder and nonjoinder of parties, FRCP 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

"The Ninth Circuit has interpreted the phrase 'same transaction, occurrence, or series of transactions or occurrences' to require a degree of factual commonality underlying the claims." *Bravado Int'l Group Merchandising Servs. v. Cha*, 2010 WL 2650432, at *4 (C.D. Cal. June 30, 2010) (citing *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997)). Typically, this means that a party "must assert rights . . . that arise from *related activities* — a transaction or an occurrence or a series thereof." *Ibid*. Plaintiff argues that the issuance of its asserted patent could qualify as a common transaction, but this argument is not supported by any binding authority (Dkt. No. 84 at 3).

As stated, plaintiff has not alleged that the named defendants in this action have engaged in related activities or have otherwise acted in concert. As such, proof of infringement necessarily would require proof of facts specific to each individual defendant and to each accused website. The mere fact that the nine defendants all operate websites that allow targeted advertising does nothing to obviate the bone-crushing burden of individualized methods of proof unique to each website. Similarly, the fact that seven of the defendants "are represented by the same counsel, who filed a single Answer and Counterclaims for all seven" is not availing (*id.* at 2). Factual differences among the accused websites will require separate discovery, evidence, and proof regardless whether the same or different lawyers are involved. Plaintiff has not proposed — and defendants have not consented to — a common method of proof. Again, there is no conspiracy claim. There is no claim that any defendant induced another to infringe. Each defendant has simply been thrown into a mass pit with others to suit plaintiff's convenience.

In this connection, the accused defendants — who will surely have competing interests and strategies — also are entitled to present individualized assaults on questions of non-infringement, invalidity, and claim construction. *Cf. Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320, 1326 (Fed. Cir. 2008) ("[W]e have explicitly held that a determination of patent infringement in an infringement suit, or even an explicit determination of patent validity, does not preclude the assertion of an invalidity defense in a second action involving different products."); *Texas Instruments, Inc. v. Linear Techs. Corp.*, 182 F. Supp. 2d 580, 586 (E.D. Tex. 2002) (recognizing that "defendants in a later proceeding involving previously construed patents should

have the opportunity to brief and argue the issue of claim construction, notwithstanding any policy in favor of judicial uniformity").

Plaintiff cannot escape the fact that it is suing unrelated defendants for their own independent acts of patent infringement. In such situations, numerous courts have found that joinder is improper. *See, e.g.*, *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction."); *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) (holding that the joinder of three manufacturers in a patent infringement suit was improper because the claims did not arise from a common transaction or occurrence when the manufacturers were separate companies that independently designed, manufactured, and sold different products); *New Jersey Mach. Inc. v. Alford Indus., Inc.*, 1991 WL 340196, at *2 (D.N.J. Oct. 7, 1991) (holding in a patent infringement suit that "claims of infringement against unrelated defendants, involving different machines, should be tried separately against each defendant").

The infringement issues will vary from defendant to defendant because, as explained at the case management conference, their websites implement different functionalities, through different software, that works in different ways. Additionally, the damages issues, wilfulness issues, time frames, accused conduct, and discovery issues will obviously vary from company to company. Finally, while a common defense such as inequitable conduct may arise, FRCP 20(a)(2)(A) does not encompass defenses asserted against a plaintiff. Only a "right to relief" asserted *by the plaintiff* can satisfy the requirements for joining defendants under FRCP 20(a)(2)(A).

It is true that plaintiff asserts the same two patent claims against all defendants. At most, this means that *some* claim construction issues will overlap. While it would be nice to have an identical set of elaborations on the asserted claims for each accused infringer, even that may not be practical, for the differences in the websites themselves will provoke differences in which words and slants in the claim language really matter. These differences will lead one defendant to focus entirely upon the meaning of certain words or phrases in a claim and another defendant to

3

1 focus entirely on different words or phrases even though they are in the same claim. In other
2 words, the claim-construction work likely will not be the same for all defendants, even though
3 they are facing trial on the same two patent claims. The claim-construction work must be adapted
4 to the actual issues being litigated over the varying accused acts. In short, whatever common
5 issues may exist from website to website will be overwhelmed by the individual issues of claim
6 construction, damages, wilfulness, and discovery supervision.

7 Given the disparity in defendants, websites, and other disparate issues discussed herein
8 like damages, wilfulness, and discovery supervision, it is worth adding that the allegations against
9 each defendant would *not* be related under our civil local rules even if brought here as separate
10 actions. *See* Civil L.R. 3-12(a)(2). If, however, the actions are re-filed in this district, the
11 undersigned judge would be willing to coordinate certain claim construction issues (and those
12 issues only) if the parties so stipulate, the assigned judge(s) consent, and the parties make a
13 showing that the same phrases in the same claims require interpretation.

14 For the foregoing reasons, pursuant to a finding of misjoinder under FRCP 21, all
15 remaining defendants except Yelp!, Inc. are **DISMISSED**. This dismissal is without prejudice to
16 the claims being re-filed as separate actions against the different defendants. Judgment will be
17 entered accordingly.

19 **IT IS SO ORDERED.**

21 Dated: May 12, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4